UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STUART ROBBENNOLT,

        Plaintiff,                    CIVIL ACTION NO. 12-13168

                                         DISTRICT JUDGE ARTHUR J. TARNOW

        v.                             MAGISTRATE JUDGE MARK A. RANDON

HEIDI WASHINGTON,

        Defendant.

_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Plaintiff, a Michigan prisoner and General Motors ("GM") retiree, sued Warden Heidi Washington ("Washington") for violating the Employee Retirement Income Security Act of 1974 ("ERISA"). This matter is before the Court on Washington's motion for summary judgment (Dkt. No. 9).

Because the Court lacks subject matter jurisdiction based on the *Rooker-Feldman* doctrine, and the State Correctional Facility Reimbursement Act ("SCFRA")[1] is not pre-empted by ERISA, this Magistrate Judge **RECOMMENDS** that Washington's motion be **GRANTED**, and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

---

[1] "The SCFRA allows the Treasurer to file a complaint in the circuit court requesting that the court order a prisoner's assets be used to reimburse the State for expenses related to the prisoner's incarceration." *Treasurer v. Letzgus*, No. 11-001765-CZ, 2013 WL 163708, at *1 (Mich. App. Jan. 15, 2013).

## II.     BACKGROUND

On May 11, 2006, the 35th Judicial Circuit Court in Shiawassee County, Michigan entered an Order pursuant to SCFRA, Mich. Comp. Laws § 800.401 *et seq.*:  Plaintiff was ordered to direct GM to send his pension checks to his prison account, and Washington was ordered to direct 90% of Plaintiff's pension benefits to the State of Michigan each month (Dkt. No. 9; Ex. 2).  Plaintiff appealed; on July 15, 2010, the Order was affirmed (*Id.* at Ex. 3).

Plaintiff filed this lawsuit on July 18, 2012 (Dkt. No. 1).  He seeks reimbursement of the funds forwarded to the State, arguing that ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. §1144(a).

## III.    STANDARDS OF REVIEW

### A.     *Rule 12(b)(1)*

"A motion challenging the basis for the Court's subject matter jurisdiction is brought under Fed. R. Civ. P. 12(b)(1)."  *Martinez v. Dep't of Homeland Sec.*, 502 F.Supp. 631, 633-634 (E.D. Mich. 2007).  To survive a motion under Rule 12(b)(1), Plaintiff has the burden of proving jurisdiction.  *Id.* at 634 (citation omitted).  "A Rule 12(b)(1) motion to dismiss will be [granted] only if, taking as true all facts alleged by the plaintiff, the court is without subject matter jurisdiction to hear the claim."  *Id.* (citation omitted).

### B.     *Summary Judgment*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law.

*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff").

## IV.   ANALYSIS

### A.   *Washington's Motion is Unopposed*

Plaintiff failed to respond to Washington's motion for summary judgment despite the fact that approximately eight months have passed since the motion was filed. Thus, it is unopposed. The local court rules in the Eastern District of Michigan required Plaintiff to file a response, if he wished to oppose Washington's motion for summary judgment. *See* E.D. Mich. LR 7.1(c)(1) ("[a] respondent opposing a motion must file a response, including a brief and supporting

documents then available"); E.D. Mich. LR 7.1(e)(1)(B) ("[a] response to a dispositive motion must be filed within 21 days after service of the motion"). Despite the lack of opposition, Washington's motion has merit.

### B. *Plaintiff's Claims Against Washington Fail as a Matter of Law*

#### 1. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine precludes a federal district court from exercising appellate jurisdiction over state-court judgments. *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). In order for *Rooker-Feldman* to bar Plaintiff's claim, the claim must be based on "an injury derived from the state court decision *itself* and not some other independent action." *Roche v. CitiMortgage, Inc.*, No. 12-CV-10266, 2012 WL 4498520, at *4 (E.D. Mich. Sept. 28, 2012) (citations omitted) (emphasis in original).

Plaintiff seeks reimbursement of the pension benefits taken from his prison account. This would effectively overturn the state-court decision. In so far as Plaintiff seeks this relief based on any injury caused by the state-court decision, his claim is barred by the *Rooker-Feldman* doctrine and should be dismissed pursuant to Rule 12(b)(1).

### 2. SCFRA is Not Pre-empted by ERISA

Further, Plaintiff's claim that SCFRA is pre-empted by ERISA lacks merit. The state court ordered Washington to send Plaintiff's pension benefits to the State *after* the benefits were disbursed by the plan and received by Plaintiff. As such, "SCFRA is not pre-empted by ERISA because it is not a state law that 'relates to' an employee benefits plan. Rather . . . SCFRA allows a trial court to 'provide reimbursement to the State from "assets" owned by a prisoner for expenses incurred in caring of the prisoner.'" *See State Treasurer v. Letzgus*, No. 11-001765-CZ, 2013 WL 163708, at *4 (Mich. App. Jan. 15, 2013) (quoting *State Treasurer v. Abbott*, 468 Mich. 143, 149 (2003)

## V.  CONCLUSION

Because the Court lacks subject matter jurisdiction based on the *Rooker-Feldman* doctrine, and SCFRA is not pre-empted by ERISA, this Magistrate Judge **RECOMMENDS** that Washington's motion be **GRANTED**, and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                                  s/Mark A. Randon
                                                  MARK A. RANDON
                                                  UNITED STATES MAGISTRATE JUDGE

Dated:  July 22, 2013

### *Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, July 22, 2013, by electronic and/or first class U.S. mail.*

                                             *s/Eddrey Butts*
                                             *Case Manager to Magistrate Judge Mark A. Randon*