UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STUART ROBBENNOLT,

    Plaintiff,

v.

HEIDI WASHINGTON,

    Defendant.

_____/

Case No.  12-13168

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE MARK A.
RANDON

**ORDER ADOPTING REPORT AND RECOMMENDATION [12] AND GRANTING DEFENDANT WASHINGTON'S MOTION FOR SUMMARY JUDGMENT [9]**

On July 22, 2013, Magistrate Judge Randon issued a Report and Recommendation [12] that Defendant Washington's Motion for Summary Judgment [9] be GRANTED.  On August 8, 2013, Plaintiff mailed a request that he be appointed counsel to help him oppose the motion and object to the R&R.  For the reasons stated below, the Court declines to appoint counsel.  The R&R is ADOPTED as the findings and conclusions of the Court.  Defendant's Motion for Summary Judgment is GRANTED.

Plaintiff, in his Complaint [1] argues that Defendant Washington is unlawfully garnishing his pension from General Motors.  Plaintiff argues that an order from the

35th Judicial Circuit Court in Shiawassee County, Michigan, improperly directs that his pension check be sent to his prison account, where 90% of his pension benefits are taken by the state to pay for the costs of his incarceration pursuant to the State Correctional Facility Reimbursement Act ("SCFRA")
. Plaintiff argues that this order is preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 18, *et seq*.

Defendant's Motion for Summary Judgment [9] was filed on October 30, 2012. Defendant argues that the court order garnishing Plaintiff's pension does not violate ERISA. Further, Defendant notes that a decision by this Court overturning the state court order would violate the *Rooker-Feldman* doctrine.

Plaintiff did not oppose Defendant's motion. However, on August 8, 2013, after the Magistrate Judge issued the R&R, Plaintiff sent the Court a letter, apparently written with assistance. Plaintiff states in the letter that he cannot read or write and that his Complaint was filed with assistance from another individual who charged the Plaintiff $400.00. Plaintiff asks the Court for assistance in his case, which the Court will interpret as a request for the appointment of pro bono counsel.

In its discretion, a court may appoint an attorney to represent any person unable to afford counsel. *See* 28 U.S.C. §1915(e)(1) (2006). However, "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified

only by exceptional circumstances." *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (internal citations and quotations omitted). As to what constitutes "exceptional circumstances," "courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal citations and quotations omitted).

Here, the Court agrees with the Magistrate Judge that Plaintiff's Complaint is without merit, and that Plaintiff's case would not be improved with the assistance of counsel. Further, as discussed in detail in the R&R, Defendant successfully argues that ERISA does not preempt the garnishment of Plaintiff's pension pursuant to the SCFRA.

Accordingly, **IT IS ORDERED** that the R&R is **ADOPTED IN FULL**. Defendant's Motion for Summary Judgment is **GRANTED**.

**SO ORDERED**.

> S/Arthur J. Tarnow
> ARTHUR J. TARNOW
> SENIOR UNITED
> STATES DISTRICT JUDGE

Dated: August 30, 2013