UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STUART ROBBENNOLT,                          Case No.  12-13168

                   Plaintiff,               HONORABLE ARTHUR J. TARNOW
v.                                          SENIOR UNITED STATES DISTRICT JUDGE

HEIDI WASHINGTON,                           HONORABLE R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE
                   Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO VACATE
## ORDER ON SUMMARY JUDGMENT [18]

Before the Court is Plaintiff's Motion to Vacate Order on Motion for Summary

Judgment [18], Defendant's Response [20], and Plaintiff's Reply [21].  For the

reasons stated below, Plaintiff's Motion [18] is **GRANTED**.

The facts of this case are straightforward and undisputed. Plaintiff is

incarcerated in a state prison.  On May 11, 2006, the Shiawassee Circuit Court issued

an order requiring Plaintiff to comply with the Michigan State Correctional Facility

Reimbursement Act ("SCFRA"), MCL § 800.401.  Specifically, the state court Order

directed Plaintiff to notify General Motors to mail his pension benefits Plaintiff's

prisoner address. Plaintiff's GM pension is an ERISA plan. The Shiawassee Court

subsequently denied Plaintiff's Motion for Relief from Judgment in 2010.

Generally, under SCFRA, the Michigan Attorney General first pursues a

judgment against the prisoner and is awarded a percentage of the prisoner's pension

payments. Mich. Comp. Laws §§ 800.403(3), 800.404. The state court then orders the prisoner to inform his pension plan that any benefit payments should be sent to the institutional prisoner address. If the prisoner refuses to comply, the warden of the prisoner's institution would send a copy of the court order to the pension plan. The order serves to notify the pension plan of the prisoner's institutional address. Once payments are received at the prison, they are deposited into the prisoner's institutional account and are then confiscated by the state.

In his motion, Plaintiff cites to *Gale v. General Motors*, 556 F. Supp.2d 689 (E.D. Mich. 2008) (Rosen, C.J.) to argue that ERISA preempts SCFRA so that the State of Michigan may not attach or obtain Plaintiff's benefits under a federal tax-qualified employee pension benefit plan. Defendant responds that the precedent Plaintiff cites in his brief does not control here, that this Court lacks jurisdiction to entertain Plaintiff's claims under the *Rooker-Feldman* doctrine, and that *res judicata* bars this action.  In his Reply [21], Plaintiff elaborates on why the rationale in *Gale* is persuasive, that the *Rooker-Feldman* doctrine does not apply to this case because Plaintiff's injuries do not flow from the state court judgment, and that *res judicata* does not bar this action because justice so requires and Defendant failed to bring relevant precedent to the state court's attention. For the reasons that follow, Plaintiff's arguments prevail.

Plaintiff moves for relief pursuant to Federal Rule of Civil Procedure 60(b)(3), which allows relief due to an opposing party's fraud, misrepresentation, or misconduct.  Alternatively, Plaintiff moves for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6).   Federal Rule of Civil Procedure 60(b)(6) is a catch-all that allows the Court to relieve a party from a final judgment or order for any reason that justifies relief.  First, the Court will analyze the jurisdictional hurdles Plaintiff must overcome.

The Court previously granted Defendant's unopposed Motion for Summary Judgment [9] partly on the basis that the Court lacked jurisdiction under the *Rooker-Feldman* Doctrine.  The *Rooker–Feldman* doctrine divests lower federal courts of jurisdiction to review state court judgments.  *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. [However, i]f there is some other source of injury, such as a

third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006).

In his Motion to Vacate [18], Plaintiff argues that his injury flows from the State of Michigan actions in contempt of Judge Rosen's Order in *Gale* and not from the Shiawassee Court's Order itself.  In *Gale*, Judge Rosen ordered that

> Orders, Notices and Michigan State Treasurer's requests to General Motors and/or the GM Hourly Rate Employees Pension Plan (or its administrator) under SCFRA are hereby declared PREEMPTED by ERISA and void, to the extent the Orders, Notices and/or SCFRA directs GM and/or the Pension Plan to send or make payments of Plaintiff's Pension Plan benefits to any address or account other than as designated by the Plaintiff who is the Participant under the terms of the Plan.
> . . .
>
> any Action or Order (including the Notices) which the State of Michigan may seek in the future for payments or reimbursements by GM and/or the Pension Plan (or its administrator) under SCFRA is hereby declared PREEMPTED by ERISA and void to the extent that any such Order and/or SCFRA either (1) directs GM and/or the Pension Plan (or its administrator), or directs a correctional facility Warden (or his or her representative) to direct GM and/or the Pension Plan (or its administrator), to send or make payments of Plaintiff's Pension Plan benefits to any address or account other than as designated by the Plaintiff who is the Participant under the terms of the Pension Plan, or (2) otherwise orders GM and/or the Pension Plan (or its administrator) to make surrogate payments, reimbursements or pay damages to or on behalf of the State of Michigan for Plaintiff's Pension Benefits for Plaintiff's Pension Benefits not sent to Plaintiff's prison address.

*Gale*, 556 F. Supp.2d at 692. The first excerpted paragraph declares pre-existing notices to GM as void and preempted by ERISA, while the second paragraph declares

prospective notices to GM as void and preempted by ERISA.  Therefore, by not withdrawing its notice of the Shiawasee Court's Order from GM, the State of Michigan was acting in contempt of Judge Rosen's Order.[1]  Therefore, the source of Plaintiff's injury is a third party's actions, not the state court decision, and Plaintiff asserts an independent claim herein.  *McCormick*, 451 F.3d at 393.  The *Rooker-Feldman* doctrine, therefore, does not divest this Court of jurisdiction to hear Plaintiff's case.

In *Abbott v. Michigan*, 474 F.3d 324 (6th Cir. 2007), the Sixth Circuit rejected a similar argument to the one Plaintiff makes here.  In *Abbott* the Court summarily explained that plaintiffs only ostensibly complained of injuries caused by third parties where the third-party actions were a direct and immediate result of state court SCFRA orders.  The intervening effect of the *Gale* order quoted above materially distinguishes this case from how *Rooker-Feldman* applied in *Abbott*.  The *Gale* order directly addresses the specific third-parties relevant to this case—the State of Michigan and GM—whereas, in *Abbott* there was no standing declarative order incumbent upon all of the relevant third-parties.  The *Gale* order voids any notices from the State of Michigan to GM—including in the form of a state-court order notifying GM of a prisoner-pensioner's legal address.

---

[1] The State of Michigan never appealed Judge Rosen's Order in *Gale*, therefore the declarations therein remain in force.

Defendant argues that *res judicata* bars Plaintiff's claims in this case.  Plaintiff argues that *res judiciata* is not a defense to violation of an injunctive or declarative order.  Alternatively, Plaintiff argues that the Court should refuse to apply the doctrine of *res judicata* if it would result in manifest injustice.  Plaintiff's alternative argument prevails.

Federal courts do not rigidly apply *res judicata* and the Court has the discretion to not apply the doctrine where doing so would result in manifest injustice.  *United States v. LaFatch*, 565 F.2d 81, 84 (6th Cir. 1977).  Since 2008, the State of Michigan has been subject to a declaration that its attempts to confiscate prisoners' GM pension benefits are void and preempted by ERISA.  The Court is satisfied that a manifest injustice would occur if Defendant used *res judicata* to avoid compliance with the declarative order in *Gale*.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Vacate [18] is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court's Order [13] and Judgment [14] are **VACATED**.

**IT IS FURTHER ORDERED** that the case is **REOPENED** so that the Court may grant Plaintiff relief.

**IT IS FURTHER ORDERED** that Defendant is hereby **ORDERED** to **DISGORGE** any and all GM pension benefits that she or her predecessors have

confiscated from Plaintiff because SCFRA is preempted by ERISA.

**IT IS FURTHER ORDERED** that Defendant and her successors are hereby prohibited from confiscating any of Plaintiff's GM pension benefits in the future because SCFRA is preempted by ERISA.

**IT IS FURTHER ORDERED** that, as the Court stated in its previous Order [17], because Plaintiff has prevailed, Counsel Davis is entitled to collect the costs he incurred pursuing this Motion [18].

**SO ORDERED.**

**THIS CASE IS CLOSED.**

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR U.S. DISTRICT JUDGE

Dated: October 20, 2014